UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CLIFFORD JEFFERSON EL BEY<br><br>*Plaintiff,*<br><br>v.<br><br>CREDIT ACCEPTANCE CORPORATION and JULIA CLARK,<br><br>*Defendants.* | Civil Action No.: 19-cv-10629 (PGS)(LHG)<br><br>**MEMORANDUM AND ORDER** |

**SHERIDAN, U.S.D.J.**

This matter comes before the Court on Defendants' Credit Acceptance Corporation's and Julia Clark's ("Defendants" or "CAC") motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 3). For the reasons stated herein, CAC's motion to dismiss is granted with prejudice.

**I.**

Plaintiff is a an "English National" whose rights are purportedly protected by the "Bill of Rights rooted in the Magna Carta of 1215." (Opposition to Brief on Motion to Consolidate Actions and Dismiss Complaint Pursuant to Fed. R. Civ. P. 12 (b)(6) ("Pl. Opp. Br.") at 4, ECF No. 4). He does not purport to be a citizen of the United States or subject to our laws.

In this case, Plaintiff owed CAC $25,429 in connection with the purchase of a vehicle. (*See* Compl. at 16-17 of 44, ECF No. 1-2). In payment of this debt, Plaintiff issued CAC a

1

"(coupon) money order note" from his "government created 'Cestui Que Trust' account,[1]" rather than tendering any currency recognized by our government. (*Id.*). The "(coupon) money order note" was for the full amount of his alleged debt, $25,429, and made payable to the "Department of Treasury for Credit Acceptance." (*Id.* at 16-17, 28 of 44). A scanned copy of this alleged "coupon," which appears to be an ordinary Bank of America personal check, is provided below.

[check image: Clifford Jefferson El Bey, 1253 North Ave., Plainfield, NJ 07062-1724; dated 11/29/2018; Pay to the order of Dept. of Treasury For Credit Acceptance; $25,429; Twenty Five thousand Four hundred and Twenty Nine dollar and Zero Cent Dollars; Bank of America; ACH R/T 021200339; Cestui Que Trust Account; For Discharge-offset; signed]

(*Id.* at 28 of 44). It is unclear what significance, if any, the "Arbor Day Foundation" logo bears to the instant dispute. CAC, unsurprisingly, rejected Plaintiff's "(coupon) money order note" as valid payment and requested that Plaintiff provide validation that he had the right to issue the coupon, which Plaintiff failed to do. (*See id.* at 17 of 44). Plaintiff alleges that CAC's actions in attempting to collect the balance of Plaintiff's debt after issuing the above "(coupon) money order note," violated a myriad of federal laws. (*See* Compl.; *see also* Pl. Opp. Br.).

Plaintiff initially filed this action in the Superior Court of New Jersey, Middlesex County, Chancery Division on December 4, 2018. (ECF No. 1-2). Defendant removed this matter to

---

[1] *Black's Law Dictionary* defines "cestui que trust" as "[o]ne who possesses equitable rights in property, usu. Receiving the rents, issues, and profits from it; BENEFICIARY." *Cestui que trust.* BLACK'S LAW DICTIONARY (9th ed. 2009).

federal court on April 23, 2019 on both federal question and diversity jurisdiction grounds. (ECF No. 1-7). On May 14, 2019, CAC moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). While CAC's Motion to Consolidate Actions and Dismiss Complaints was pending, on July 30, 2019, Plaintiff filed a Motion for Summary Judgment and Default Judgment against CAC. (ECF No. 6). Plaintiff's Motion for Summary Judgment and Default Judgment is allegedly a collection of passages excerpting Canon Law, Religious English Christian Customary Laws, Bible verses, the U.S. Constitution, English Merchant Common Law, *inter alia*. (*See* ECF. No. 6). Moreover, it does not set forth any facts, let alone a statement of material facts not in dispute. *See* L. Civ. R. 56.1.

## II.

On Defendant's motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), the Court is required to accept as true all allegations in the Complaint and all reasonable inferences that can be drawn therefrom, and to view them in the light most favorable to the non-moving party. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a court will accept well-pleaded allegations as true for the purposes of the motion, it will not accept bald assertions, unsupported conclusions, unwarranted inferences, or sweeping legal conclusions cast in the form of factual allegations. *Iqbal*, 556 U.S. at 678-79; *see also Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997). A complaint should be dismissed only if the well-pleaded alleged facts, taken as true, fail to state a claim. *See In re Warfarin Sodium*, 214 F.3d 395, 397-98 (3d Cir. 2000). The question is whether the claimant can prove any set of facts

consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. *Semerenko v. Cendant Corp.*, 223 F.3d 165, 173 (3d Cir. 2001). "The pleader is required to 'set forth sufficient information to outline the elements of his claim or to permit inferences to be drawn that these elements exist.'" *Kost v. Kozakewicz*, 1 F.3d 176, 183 (3d Cir. 1993) (quoting 5A Wright & Miller, *Fed. Practice & Procedure: Civil* 2d § 1357, at 340 (2d ed. 1990)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact), . . . ." *Id.*

Where, as here, the plaintiff is proceeding *pro se*, the Court should read the complaint generously and hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

### III.

In this matter, the Complaint is barely intelligible. It primarily consists of passages explaining Plaintiff's heritage and beliefs, a brief factual allegation section setting forth hard-to-follow and conclusory allegations, excerpts of random legal authority, and scattered references to a wide variety of federal laws, statutes, and Constitutional provisions, among other authority. (*See* Dkt. No. 1-2). Read generously, Plaintiff alleges that CAC's attempts to collect on a debt after he allegedly discharged said debt by issuing CAC a "(coupon) money order note" from his

4

"government created 'Cestui Que Trust' account" resulted in substantial violations of his rights and a violation of several federal laws.

At oral argument, Plaintiff did not explain his complaint to a standard which sets forth a cause of action. In this regard, the Complaint falls well short of satisfying Fed. R. Civ. P. 8's pleading requirements of showing a short and plain statement of the cause of action. Here, Plaintiff's thin factual allegations, read in conjunction with Plaintiff's random references to legal authority, do not raise a reasonable inference that CAC is liable to Plaintiff for attempting to collect on Plaintiff's debt. In fact, Plaintiff's allegations do not even suggest that any form of relief is remotely plausible.

Additionally, at oral argument, Plaintiff exclusively relied on Canon Law. (*See* Notice of Visitation Canon Law and Acceptance of Occupying the Office of General Guardian and Executor Canon Law 3300, 3305, ECF No. 15). However, claims brought under Canon Law are nonjusticiable. *St. Matthew's Slovak Roman Catholic Congregation v. Most Reverend Wuerl*, 106 F. App'x 761, 768 (3d Cir. 2004). "It is not the province of the federal courts to interpret and apply Canon Law." *Id.* (collecting cases). Moreover, the types of currency accepted to discharge debt in the United States are set forth within our statutes. *See, e.g.*, 31 U.S.C. § 5103 ("United States coins and currency . . . are legal tender for all debts, public charges, taxes, and dues."). Canon law has no authority to direct same. Thus, to the extent Plaintiff seeks to bring any claims under Canon Law, they are dismissed as nonjusticiable and nonsensible.[2]

---

[2] As an additional note, the Court would like to unequivocally state that it does *not* bear any "conflict of interest because of past proceedings." (ECF No. 4 at 17; ECF No. 6-1 at 13). Although Mr. El Bey has come before the Court in previous matters, in no way do any of those previous matters before the Court involving Mr. El Bey impact its ability to be fair and impartial in this case.

## CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss is granted. Dismissal is with prejudice since the Court finds that amendment is futile. After reviewing all of the documents, Plaintiff's tender is a note that is not recognized under federal law, and any amendment to the complaint is futile. *See generally Olsen v. Citi Bank Legal Dep't*, No. CV152190MASLHG, 2015 WL 7258861, at *3 (D.N.J. Nov. 17, 2015) (dismissing *pro se* complaint with prejudice where amendment was futile).

## ORDER

Having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

**IT IS** on this 16th day of October, 2019,

**ORDERED** that Defendant's motion to dismiss (ECF No. 3) is **GRANTED**; and it is further

**ORDERED** that the Complaint in this action is dismissed with prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

_____
PETER G. SHERIDAN, U.S.D.J.